IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANGELA A. MCCLURE                                                    PLAINTIFF

V.                              NO. 10-5026

MICHAEL J. ASTRUE,
Commissioner of Social Security Administration                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Angela A. McClure, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I. Procedural Background:**

Plaintiff protectively filed her application for SSI on May 24, 2007, due to asthma, learning problems, panic attacks, and back and right knee pain, alleging an onset date of May 23, 2006. (Tr. 36, 94, 100). An administrative hearing was held on February 5, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 9-30).

By written decision dated August 14, 2009, the ALJ found Plaintiff had an impairment or combination of impairments that were severe - borderline intellectual functioning and a personality disorder. (Tr. 38). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any

impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 38). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform unskilled work where interpersonal contact is incidental to the work performed, but have no contact with the general public.

(Tr. 40). With the help of a vocational expert (VE), the ALJ determined there were jobs that Plaintiff would be able to perform: metal furniture assembler; kitchen helper; and "machine tender." (Tr. 43).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 11, 2009. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). The case is before the undersigned pursuant to the consent of the parties. (Doc.5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

**II. Applicable Law**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from

the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

AO72A
(Rev. 8/82)

**III. Discussion:**

The Court is concerned about the disparity between the findings of the two mental health professionals - Mary J. Sonntag, Psy.D. and Richard D. Back, Ph.D.- who examined and evaluated the Plaintiff, and the weight the ALJ gave to their opinions. The ALJ stated that he had considered the opinions of these mental health professionals and gave them substantial weight. He further stated:

> Although both psychologists found that the claimant functioned in the borderline intellectual range and experienced severe difficulties in the areas of social behavior and concentration, persistence and pace, neither doctor opined that the claimant would be unable to perform unskilled work, which is consistent with the above-stated residual functional capacity.

(Tr. 42).

On September 27, 2007, Mary J. Sonntag, Psy.D., conducted a Mental Diagnostic Evaluation and Intellectual Assessment. (Tr. 161-168). According to her performance on the WAIS-III, Plaintiff functioned in the Borderline Range of Intelligence. (Tr. 164). Dr. Sonntag found Plaintiff's motivation to be somewhat questionable on the WAIS III and believed that the test results were probably "underestimates" of the claimant's intellectual abilities. (Tr. 165). Dr. Sonntag diagnosed Plaintiff as follows:

| | |
|---|---|
| Axis I | Caffeine Addition |
| | Nicotine Addiction |
| Axis II | Personality Disorder, NOS |
| Axis V | GAF - 48. |

(Tr. 166). She further found that Plaintiff would have difficulty communicating and interacting in a socially adequate manner based upon her interview, and that her language was inappropriate, in that she used foul language. (Tr. 167). She also found that Plaintiff had questionable capacity

AO72A
(Rev. 8/82)

to cope with the typical mental/cognitive demands of basic work-like tasks, and seemed to have the ability to attend and sustain concentration on basic tasks, if she had the motivation. Dr. Sonntag reported that it did not seem that Plaintiff was motivated to do well on the tasks given her during the testing. (Tr. 167). She also concluded that Plaintiff was not able to manage funds without assistance. (Tr. 168).

On March 11, 2009, after the hearing was held in this matter and at the request of the ALJ, Plaintiff underwent a Mental Diagnostic Evaluation and Intellectual Assessment by Richard D. Back, Ph.D., a clinical neuropsychologist at Northwest Arkansas Psychological Group. (Tr. 201-208). Dr. Back noted that Plaintiff had never seen a mental health professional, and stated that it was unclear if she had ever been prescribed psychiatric medication, because she was not sure of the names of her past medications or what they were for. Plaintiff was noted as driving to the evaluation alone, had extremely poor hygiene, and displayed hostility once during the interview process. (Tr. 203). Dr. Back noted that Plaintiff's speech was mumbled and very difficult to understand, apparently secondary to her missing teeth. (Tr. 203). Dr. Back found Plaintiff to be functioning in the Borderline Range of Intelligence. (Tr. 205). He diagnosed Plaintiff as follows:

> Axis I        No diagnosis on Axis I
> Axis II       Avoidant Personality Disorder
>               Borderline Intellectual Functioning
> Axis V        40-50

(Tr. 207). Dr. Back further found that:

> Plaintiff's mental impairments interfered with her day to day adaptive functioning from a mild to moderate degree;
> Plaintiff's capacity to communicate and interact in a socially adequate manner is **markedly impaired;**

> Plaintiff's capacity to communicate in an intelligible and effective manner was **moderately to markedly** impaired;
> Plaintiff's capacity to cope with typical mental/cognitive demands of basic work-like tasks appeared to be moderately impaired;
> Plaintiff's ability to attend and sustain concentration on basic tasks was **markedly impaired;**
> Plaintiff's capacity to sustain persistence in completing tasks was moderately impaired; and
> Plaintiff's capacity to complete work-like tasks within an acceptable time frame was moderately impaired.

(Tr. 207) (emphasis added)..

In his Medical Source Statement of Ability to do Work-Related Activities (Mental), Dr. Back also found that Plaintiff had a **marked restriction** in her ability to:  understand and remember complex instructions;  carry out complex instructions;  concentrate on complicated, prolonged tasks; and interact appropriately with the public, supervisors, and co-workers.  (Tr. 209-210).  Dr. Back additionally noted that Plaintiff:

> began yelling at this examiner during the digit span on the WAIS-III when given a second trial after having failed the 1st trial. Her MMPI-2 results also describe these individuals as angry & irritable, w/ confrontational responses w/ little provocation.

(Tr. 210).

Although Dr. Sonntag, a psychologist, did not note any "marked" impairments, the more recent evaluation by Dr. Back, a neuropsychologist, noted several marked impairments. Neuropsychology is a specialty field in psychology, and "[g]reater weight is generally given to the opinion of a specialist about medical issues in the area of specialty, than to the opinion of a non-specialist." Brown v. Astrue, 611 F.3d 941, 953 (8th Cir. 2010), quoting Thomas v. Barnhart, 130 Fed. Appx. 62, 64 (8th Cir. 2005)(unpublished per curiam).

The ALJ justified his RFC finding by stating that neither doctor opined that Plaintiff

AO72A
(Rev. 8/82)

would be unable to perform unskilled work, and that it appeared to him "that the claimant's motivation could also be questioned on the second mental evaluation." However, in Dr. Back's Mental Diagnostic Evaluation and Intellectual Assessment, he stated that Plaintiff was adequately cooperative and that she gave no indications of symptom exaggeration. It would therefore seem that the ALJ's opinion as to Plaintiff's motivation on the second mental evaluation borders on speculation.

The Court believes that the ALJ failed to give Dr. Back's opinion appropriate weight and also failed to adequately address Dr. Back's findings and concerns. It is therefore necessary to remand this matter to the ALJ in order for him to re-evaluate Dr. Back's findings and Plaintiff's RFC. In addition, the ALJ should submit another hypothetical to a vocational expert, setting forth Plaintiff's mental limitations that are supported by the evidence, and to consider the Specific Vocational Preparation Level and Reasoning Level of each potential job, in conjunction with Plaintiff's borderline intellectual functional capacity, in order to determine whether, in light of the full record, Plaintiff is capable of functioning in the workplace.

**IV. Conclusion:**

Based upon the foregoing, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 2nd day of March, 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)