IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANGELA MCCLURE                                                                          PLAINTIFF

V.                                              NO. 10-5026

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                   DEFENDANT

**O R D E R**

      Plaintiff, Angela McClure, appealed the Commissioner's denial of benefits to this Court. On March 2, 2011, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 11). Plaintiff now moves for an award of $3,503.31 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 21.50 attorney hours of work before the Court in 2009, 2010, and 2011, at an hourly rate of $152.00, 2.75 paralegal hours at an hourly rate of $75.00 and $29.06 in costs. (Doc. 12-3). Plaintiff also provided an assignment of her rights to any EAJA award to her attorney. (Doc. 12-5). Defendant has filed a response, stating that he has no objection to an award of attorney fees and expenses, but asks that any award be made payable to the Plaintiff. (Doc. 14).

      Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a

sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award

accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $152.00 for work performed in 2009, 2010, and 2011 for the 21.50 attorney hours and 2.75 paralegal hours which she asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a CPI in support of her requested hourly rate. The Court finds that an award based upon an hourly rate of $152.00 for work done in 2009, 2010, and 2011, reflecting an increase in the cost of living, is appropriate in this instance. See Johnson, 919 F.2d at 505.

Plaintiff's counsel has also requested paralegal hours of work at the rate of $75.00 per hour. The Court finds $75.00 per hour for paralegal work to be reasonable.

The Court next addresses the number of hours Plaintiff's counsel claims she spent working on this case. Plaintiff's counsel seeks .25 attorney hours for "Review of Summons

-3-

letters and attachments for mailing and authorized Consent to Magistrate." Plaintiff's counsel also seeks .20 attorney hours for "Reviewed Affidavit of Service and attachments for filing." Plaintiff's counsel also seeks 1.00 paralegal hours to "Prepare and send summonses and service letters to US office of General Counsel, US Department of Justice, and US Attorney by certified mail return receipt requested delivery to postal service." This time cannot be compensated under the EAJA as it is found to be clerical work. See Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 (1989)(Paralegal work is work that might otherwise be performed by a lawyer, such as factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence. Purely clerical or secretarial tasks should not be billed at a paralegal rate); Miller v. Alamo, 983 F.2d 856, 862 (8th Cir. 1993)(Work done by paralegals is compensable if it is work that would have been done by an attorney, such as going to the library to locate cases and preparing materials used by an attorney at oral argument). The amount of .45 attorney hours and 1.00 paralegal hours will be deducted.

      Plaintiff's counsel seeks a total of 12.85 hours for reviewing the 218 page transcript and preparing Plaintiff's appeal brief. Although the Defendant did not object to the number of hours Plaintiff's counsel spent preparing the brief, the Court finds this number of hours to contain duplication or to otherwise be excessive. Plaintiff's counsel seeks payment for 2.50 hours in time spent for reviewing the transcript @ 30 seconds per page; taking notes, and preparing the outline for the brief. Plaintiff's counsel also seeks payment for 4.60 hours to "Chronologically order, tag and review medical records [71 pages @ 1 minute per page]; Preparation of jurisdiction statement, statement of issues and fact statement." It is clear that the 1.18 hours for

reviewing the 71 pages of medical records at 1 minute per page is duplicative to the time Plaintiff's counsel claimed in previous entries for reviewing the transcript.  The amount of 1.18 hours will therefore be deducted.  **Plaintiff's counsel is cautioned to avoid such duplicative entries in the future or to clarify in her itemization why such entries are not duplicative.  The Defendant is encouraged to carefully review the itemization provided by Plaintiff's counsel in social security cases going forward.**

Plaintiff's counsel also seeks payment for 3.42 hours to prepare a jurisdictional statement, statement of issues and a fact statement.  The Court finds the time sought to prepare these statements to be excessive.  Specifically, the Court notes that the jurisdictional statement and statement of issues consist of short canned language.  The one paragraph procedural background also should not have required a significant amount of time to prepare.  With regard to the statement of facts, the Court would point out that the most time consuming portion of the facts would be the medical history, for which Plaintiff's counsel sought time in a different entry of the itemization.  Therefore, the Court will reduce the time sought by 1.71 hours.

Plaintiff's counsel seeks 1.75 paralegal hours for transcribing "EAJA submission of time itemization with proofreading of addition and returned to attorney for review," and "[c]orrections and finalization of EAJA submission."  The Court believes that the time claimed for preparing what appears to be the standard fee petition and brief submitted by Plaintiff's counsel in social security cases is excessive.  The Court will deduct .75 paralegal hours from the time claimed.

Plaintiff's counsel seeks reimbursement for $29.06 in costs incurred with regard to postage.  Such costs are recoverable under the EAJA and the Court finds $29.06 to be a reasonable award.  See Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988).

Finally, Plaintiff's counsel has submitted an assignment signed by Plaintiff, apparently in an effort to request that the Court direct payment of the EAJA award directly to Plaintiff's counsel and not to Plaintiff. In the past in other cases, Defendant has argued that the United States Supreme Court has held that fee awards under the EAJA are payable to the party litigant, not the party's attorney. See Astrue v. Ratliff, 130 S.Ct. 2521 (2010). Defendant has also argued that the purported assignment between Plaintiff's counsel and Plaintiff is invalid pursuant to the Anti-Assignment Act, 31 U.S.C. § 3727(b).[1] Nonetheless, Defendant has agreed to waive strict compliance with the Anti-Assignment Act only if the Court issues the Order for the EAJA award to be payable to Plaintiff, and the Defendant determines that Plaintiff does not owe a debt to the United States. Defendant states once the Order is entered awarding a claimant's attorney's fees under the EAJA, the Defendant will contact the Treasury Department to determine if the claimant owes the government a debt that is subject to administrative offset. If Plaintiff does not owe a debt when the Defendant effectuates the Court's order awarding EAJA fees, the Defendant will waive the requirements of the Anti-Assignment Act and honor the agreement between

---

[1] The Anti-Assignment Act governs, among other things, a "transfer or assignment of any part of a claim against the United States Government[.]" 31 U.S.C. § 3727(a)(1). The Act establishes several technical requirements for a valid assignment:

> An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b).

Plaintiff and his attorney by paying the EAJA award directly to Plaintiff's counsel. However, if Plaintiff does owe a debt, the Defendant will not waive the Anti-Assignment Act and will pay the EAJA award to Plaintiff, thus subjecting the award to offset.

In the present case, whether Plaintiff owes a debt to the government is unknown to the Court, and the Court is hesitant to take on the task of determining whether an offsetting qualifying debt exists. Therefore, this Court, like other courts have done throughout the circuits since the determination in Ratliff, believes Defendant's proposal addressed above, will best serve all parties of interest. See Johnson v. Astrue, 2011 WL 1298035 * 2 (E.D.Ark. April 4, 2011) (approving the Commissioner's proposal to decide whether to waive compliance with the Anti-Assignment Act and to pay Plaintiff's counsel directly only after an order is entered awarding EAJA attorney's fees directly to the claimant and the Commissioner determines the claimant does not owe the government a debt); Kelley v. Astrue, 2010 WL 3636145 (E.D.Ky. Sep.14, 2010) (unpublished decision) (approving of Commissioner's proposal to decide whether to waive compliance with the Anti–Assignment Act and to pay the claimant's attorney directly only after an order is entered awarding EAJA attorney's fees directly to the claimant—"the Court believes the best practice is to award the EAJA fees directly to Plaintiff. The Court will not engage in determining whether Plaintiff owes a debt to the government. Instead, the Court will leave it to the discretion of the Commissioner whether to honor Plaintiff's assignment of her EAJA fees"); Calderon v. Astrue, 2010 WL 4295583 (E.D. Cal. Oct. 22, 2010) (approving Commissioner's proposal and awarding EAJA attorney's fees to the claimant—"Defendant ... seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt pursuant to government's discretionary waiver of the requirements of the Anti–Assignment Act.

This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset"). Accordingly, the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court finds that Plaintiff is entitled to an attorney's fee award under the EAJA for: 18.16 attorney hours (21.50 hours minus 3.34 hours) at an hourly rate of $152.00 for work performed in 2009, 2010, and 2011; and $75.00 for 1.00 paralegal hours for work performed in 2011, for a total attorney's fee award of $2,835.32, plus the $29.06 in costs. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED AND ADJUDGED this 20th day of December, 2011.

*/s/ Erin L. Setter*
HONORABLE ERIN L. SETTER
UNITED STATES MAGISTRATE JUDGE